FILED

2015 JUL 15 PM 2:59

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAWN ENNIS-ALLEN,
an individual,

      Plaintiff,

v.

Case No. 6:15-cv-1148-Orl-28 GJK

LIFE INSURANCE COMPANY
OF NORTH AMERICA,
a foreign corporation,

      Defendant.
_____/

## COMPLAINT

NOW INTO COURT, comes Plaintiff, Dawn Ennis-Allen, by and through undersigned counsel, and hereby sues Defendant, Life Insurance Company of North America, and for a cause of action states as follows:

## JURISDICTION

1. This is a cause of action arising out of 29 U.S.C. Section 1001, *et seq.*, the Employee Retirement Income Security Act ("ERISA").

## VENUE

2. At all times material hereto Defendant was doing business within the Middle District of Florida, out of which business this cause of action arises.

## PARTIES

3. Plaintiff, Dawn Ennis-Allen, is a citizen of the State of Florida, County of Orange, and is an individual of the full age of majority.

4. Defendant, Life Insurance Company of North America, is a foreign corporation authorized to do and doing business in the State of Florida, within the Middle District of Florida.

## COUNT I

5. At all times material hereto, Plaintiff was an employee of Universal City Development Partners, LTD. In connection with said employment, Plaintiff was entitled to benefits pursuant to an Employee Welfare Benefits Plan, as that term is defined in ERISA. Among other benefits, Plaintiff was entitled to group Long Term Disability benefits.

6. Defendant issued a Policy of Insurance (hereinafter the "Policy") insuring the Long Term Disability benefits made the subject of this cause of action. Attached hereto as Composite Exhibit A are the documents in Plaintiff's possession evidencing that obligation.

7. Defendant is the party charged with rendering benefit determinations for Long Term Disability benefits claims.

8. Defendant is the party charged with paying any such claims out of its own assets.

9. As a result of the allegations contained in Paragraphs Six (6) through Eight (8) above, Defendant was operating under a conflict of interest in the decision making process relative to the benefit entitlement made the subject of the instant cause of action.

10. Plaintiff became disabled, as that term is defined in the Policy, in or around March 2012 and has not worked since.

11. On June 5, 2014, Defendant issued an "adverse benefits determination" letter denying benefits whereby it contended that Plaintiff "possess the ability to perform the material duties in the sedentary category of physical demand."

12. As required by governing federal regulations and case law, Plaintiff submitted a timely Administrative Appeal of that denial on March 20, 2015 demonstrating that Plaintiff was and is disabled. A copy of said appeal, without its extensive enclosures, is attached as Exhibit B.

13. Defendant received the Administrative Appeal on Monday, March 23, 2015.

14. Governing federal regulations allow a 45 day period for response thereto although Defendant would be entitled to an additional 45 day period if it states that it requires the additional time to render its benefits determination. Defendant acknowledged receipt of the Administrative Appeal by way of a letter dated March 24, 2015. On May 1, 2015 Defendant requested an additional 45 to make its appeal determination days as provided by governing federal regulations.

15. Despite demand, and the passing of the additional 45 days, Defendant has failed and refused to timely render a benefits determination in response to the Administrative Appeal referenced in Paragraph 12 above. No benefit determination has been received by Plaintiff as of the time of the filing of this Complaint. Any such benefits determination at or about the time of the filing hereof would be long overdue in any event.

16. As a result, Plaintiff is entitled to a *de novo* review of her benefit entitlement by this Court, with the review by this Court not limited to just the documents contained in the Administrative Record, *i.e*, those documents accumulated by the Defendant in the course of its incomplete and failed review of this claim.

17. Plaintiff is, and for all periods of time material hereto has been, totally disabled, as that term is defined in the Policy, and is entitled to payment of long term disability benefits, as called for in the Policy, for the period of time called for therein.

18. All conditions precedent to the bringing of this cause action have been met or waived by Defendant.

19. Plaintiff has complied with the administrative process required by the Defendant, to no avail.

20. Plaintiff is entitled to group disability benefits, as provided for in the Policy, from September 24, 2014 to date and continuing.

21. Plaintiff has retained the law firm of Herbert M. Hill, P.A. and has agreed to pay a reasonable fee for services rendered in this matter.

WHEREFORE, Plaintiff prays for entry of Judgment in her favor awarding the relief outlined in Paragraph 20 above and for interest, attorney's fees and costs.

DATED: July 15, 2015

Herbert M. Hill, Esquire of
Herbert M. Hill, P.A. as
Trial Counsel for Plaintiff
Florida Bar No. 328464
Post Office Box 2431
Orlando, FL 32802
Office: 407/839-0005
Fax:    407/839-1118
Email: hmh@herbertmhill.com